UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:19-CR-272-DPJ-LGI

MARQUIS HOWARD MCNEELY

ORDER

On December 16, 2021, the Court denied Defendant Marquis Howard McNeely's motion to vacate filed under 28 U.S.C. § 2255; McNeely now seeks reconsideration. His Motion [65] is denied.

I. Background

On September 1, 2020, McNeely pleaded guilty to two counts of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). His base offense level was a 26 due to the type of firearm he possessed and the fact that he had at least two prior felony convictions for crimes of violence. U.S.S.G. § 2K2.1(a)(1). His total offense level was a 30; his criminal-history category was V; and his guideline range of imprisonment was 151 to 188 months. But because the offense carried a statutory maximum 10-year term of imprisonment, his guideline range was capped. Indeed, McNeely stipulated in his plea deal that he "should receive a sentence of 120 months." Plea Supplement [46] at 3. McNeely confirmed during the plea hearing that he fully understood his agreement, and the Court imposed the 120-month sentence to which he stipulated.

McNeely filed his motion to vacate on December 14, 2021, arguing that his attorney rendered ineffective assistance regarding the guideline calculations, resulting in an excessive sentence. The Court denied the motion on December 16, 2021. *See* Order [62]. McNeely now

claims that the Court misconstrued his motion to vacate, addressing an issue he never raised while ignoring his sole articulated ground for relief—that his criminal-history points were miscalculated. Def.'s Mot. [64] at 1.

II.   Standards

Because McNeely filed his motion for reconsideration within 28 days of the Court's Order, it is construed as one under Federal Rule of Civil Procedure 59(e). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.*

When a defendant seeks reconsideration of a motion to vacate under § 2255, the Court must determine whether the motion for reconsideration is a second or successive § 2255 motion. If so, the district court lacks jurisdiction to hear the new motion until the Fifth Circuit grants the defendant leave to file it. 28 U.S.C. § 2244(b)(3)(A). A Rule 59(e) motion will be considered a second or successive § 2255 motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (considering motion to reconsider under Federal Rule of Civil Procedure 60(b)); *see United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (explaining that court should "apply the principles from *Gonzalez* to determine whether [petitioner's] motion for reconsideration is an unauthorized successive § 2255 motion or a Rule 59(e) motion").

As explained below, the Court mostly construes McNeely's motion for reconsideration as neither seeking a new ground for relief nor attacking the Court's original ruling on the merits. To the extent that is true, the motion is properly before the Court. That said, McNeely's motion

2

for reconsideration is contradictory and could be read as partially attacking a merits ruling. The Court lacks jurisdiction to hear any such issues.

III.   Analysis

McNeely's original § 2255 motion included two grounds for relief, both based on counsel's failure to object to guideline calculations. To show ineffective assistance of counsel, McNeely must demonstrate that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) this ineffectiveness was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

Ground One of McNeely's original motion alleged that counsel should have objected to "the Probation Officer and the Court's use of defendant's prior convictions for DUI as violent crimes during the counting of his criminal history category points." Def.'s Mot. [61] at 4. Ground Two stated that counsel should have objected "to the designation of defendant's prior conviction of assault as a crime of violence." *Id.* at 4.

The Court construed both grounds as relating to the application of § 2K2.1(a)(1), which produces a base offense level of 26 when

> (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 2K2.1(a)(1). Because McNeely's firearm satisfied subpart A and his prior manslaughter conviction was a crime of violence under subpart B, the only remaining question was whether McNeely had a second qualifying crime-of-violence conviction. *See* Order [62] at 3. Rather than address whether his DUI convictions constituted crimes of violence—as Ground

3

One seemed to dispute—the Court focused on his assault conviction and found that it was a crime of violence.  *Id.*

McNeely now says the Court misconstrued his original motion:  "Defendant [sic] *only* issue in his motion is that he was giving [sic] 6 points for two DUIs, which should have only been 1-point for each D.U.I."  Mot. [65] at 1 (emphasis added).  This argument was not readily apparent from McNeely's initial motion because Ground One seemed to dispute whether the DUIs were crimes of violence, which would be an issue under § 2K2.1(a)(1).  But, in fairness to McNeely, he did mention his criminal-history calculation in Ground One.  So, to the extent the Court misconstrued his point, it now addresses it.

As an initial point, it is not entirely clear that McNeely truly limited his initial motion to the criminal-history-category issue as he now claims.  Ground Two of his motion to vacate disputed § 2K2.1(a)(1), and Paragraph Two of his Motion for Reconsideration seems to again press that issue.  *See* Def.'s Mot. [65] at 1.  But because McNeely represents himself, the Court will liberally construe his motion and address it both ways.  *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (explaining that pro se filings should be "liberally construed").

If McNeely limits his motion to the criminal-history-category issue he says the Court failed to consider, then the present motion is not a second or successive motion, and the Court would have authority to consider the merits.  *See Gonzalez*, 545 U.S. at 532.  That said, the motion would fail because McNeely has shown neither deficient performance nor prejudice.  First, the criminal-history score was correctly calculated.  McNeely seems to believe he received three points for each DUI because they were considered crimes of violence.  *See* Def.'s Mot. [61] at 4.  But the PSR plainly states that these convictions received three points each under U.S.S.G. § 4A1.1(a).  PSR [48] ¶¶ 61, 64.  That section instructs the Court to add "3 points for each prior

4

sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). McNeely's separate DUI convictions both carried sentences exceeding that length. PSR [48] ¶¶ 62–64. McNeely's counsel was not deficient.

Second, there was no prejudice. Assuming McNeely is correct that each DUI conviction should have received 1 point, his criminal-history score would have been 8, rendering a criminal-history category of IV. If McNeely is not pursuing a § 2K2.1(a)(1) argument, then his total offense level would remain at 30, and his guideline range of imprisonment would drop to between 135 and 168 months. That would still exceed the statutory maximum 10-year term that he received. Any ineffectiveness in failing to object to the extra criminal-history points was not prejudicial.

The result remains the same even if McNeely is not waiving his § 2K2.1(a)(1) argument and is now seeking reconsideration of that ruling. To begin, the Court lacks jurisdiction to reconsider its merits-based ruling on § 2K2.1(a)(1) until McNeely seeks and receives leave from the Fifth Circuit to file a second or successive petition. *See Gonzalez*, 545 U.S. at 532; *see also* 28 U.S.C. § 2244(b)(3)(A).

Regardless, even assuming § 2K2.1(a)(1) was incorrectly applied *and* the DUI convictions should have received one point each, the sentence would be no different. Reducing McNeely's criminal-history category to IV and his base offense to 26 would lower his guideline range to between 92 and 115 months. While that range is slightly below the Court's sentence,

> the Court expressly stated on the record at the sentencing hearing that even if the guidelines were miscalculated, the sentence would remain the same based on the sentencing factors. The Court does not indiscriminately include that language during sentencing hearings; it fit in this case. Accordingly, even assuming McNeely is correct, his sentence would not have been different.

Order [62] at 5.

Notably, McNeely had 15 adult convictions for which he received no criminal history points. *See* PSR [48] ¶¶ 51–60, 62, 63, 66, 67, 69. Among other things, the uncounted convictions included five convictions for resisting arrest, *id.* ¶¶ 51, 53, 59, 60, 63; as well as convictions for escaping custody, *id.* ¶ 55; assault, *id.* ¶¶ 60; and domestic violence, *id.* ¶ 66. He also had two crimes of violence that were counted, including one manslaughter conviction. *Id.* ¶¶ 65, 68. Because McNeely's guideline range exceeded the statutory maximum sentence, there was no need to determine whether "the defendant's criminal history category substantially under-represent[ed] the seriousness of the defendant's criminal history or the likelihood that the defendant [would] commit other crimes." U.S.S.G. § 4A1.3(a)(1). A departure under § 4A1.3(a)(1) would have been appropriate if McNeely's guideline range fell below the statutory maximum, and, as noted, the Court would have imposed this sentence regardless. McNeely has not shown prejudice.

IV.     Conclusion

For the reasons stated, McNeely's Motion for Reconsideration [65] is denied.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2022.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE